## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXEC. DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAMS DISTRIBUTING COMPANY, INC. fka WILLIAMS DISTRIBUTING CORP., <br><br> Defendant. | C.A. No.: |

## COMPLAINT

## COUNT I

### (Failure to Pay Contributions Owed Pursuant to a Payroll Audit)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. The Pension Fund is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of ERISA § 3(3), 29 U.S.C., § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, MA 01803.

5. Defendant Williams Distributing Company, Inc. fka Williams Distributing Corp. ("Williams") is an employer with a place of business in Chicopee, MA.

6. Defendant Williams is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

7. Teamsters Local Union No. 404, is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8. At all material times, Defendant Williams was obligated by the terms of one or more collective bargaining agreements ("CBA") between it and Teamsters Local Union No. 404, by the terms of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") and by a "Reentry Agreement" effective October 28, 2011 to make contributions on behalf of certain employees to the Pension Fund.

9. On or about January 31, 2019, the Pension Fund sent Defendant Williams the results of a payroll audit conducted on October 26, 2018 for the period of October 2011 through December 2017.

10. Periodic payroll audits are conducted in order to determine whether contributing employers have been making contributions as required by the Trust Agreement and CBAs.

11. Defendant Williams has made only a partial payment of the audit refusing to pay the outstanding balance.

12. Defendant Williams has failed to make required contributions to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Williams Distributing Company, Inc. fka Williams Distributing Corp. in accordance with Section 502(g)(2)

of ERISA, 29 U.S.C. § 1132(g)(2):

1. Awarding the Pension Fund the following amounts:

   a. the unpaid contributions;

   b. interest on those contributions;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

## COUNT II

### (Claim for Relief Declaratory Judgment)

13. Plaintiff reasserts and re-alleges paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14. The Pension Fund's Trust Agreement states, "If a regular employee (as defined in the collective bargaining agreement) is absent because of illness or off-the job injury and notifies the Employer of such absence, the Employer shall continue to make the required contributions for a period of four (4) weeks, and forty (40) hours per week.  If an employee is injured on the job, the Employer shall continue to pay the required contributions at a rate of forty (40) hours for each such week until the employee returns to work; however, such contributions of forty (40) hours shall not be paid for a period of more than twelve (12) months."

15. Effective October 28, 2011, Defendant Williams withdrew and "reentered" the Pension Fund as a "new employer" as defined by the Pension Plan's Rules and Regulations.

16. The Reentry Agreement states: "Williams shall enter into a collective bargaining agreement with the Union (the "2011 Collective Bargaining Agreement") containing provisions

(in the form attached hereto as Exhibit B) obligating Williams to reenter the Pension Fund as a New Employer with respect to William's "eligible seniority list employees" in the bargaining unit covered by the 2011 Collective Bargaining Agreement …."

17. Exhibit B reiterates the language of the Trust Agreement as set forth in Paragraph 14 of this Complaint.

18. The CBAs between Teamsters Local Union 404 and Defendant Williams effective 2011 through 2021 state in pertinent part, "The Company has re-entered into the new "Alternate" New England Teamsters and Trucking Industry Pension Fund, subject to all terms, conditions and requirements set forth in the applicable withdrawal/reentry documents between the Company and the Fund.  Subject to the foregoing and in accordance with the terms of the aforementioned withdrawal/reentry documents, which are incorporated herein by reference, the Employer will make the following contributions to the new "Alternate" New England Teamsters and Trucking Industry Pension Fund for all eligible seniority list employees: ..."

19. Defendant Williams has been a contributing employer to the Pension Fund since 1988.

20. From 1998 through September 2018, Defendant Williams has been paying contributions for its employees in compliance with the Trust Agreement language set forth in Paragraph 14 of this Complaint.

21. The Pension Fund's policy requires that all contributing employers to the Pension Fund make contributions for hours, workers' compensation, illness and off-the-job injuries as set forth in the Trust Agreement, and participants in the Fund receive pension credits and benefits associated with these contributions.

22. By email dated September 13, 2018, Defendant Williams through its counsel stated

that it had made contribution payments in error for seven years, from 2011 to 2018. in an amount which it calculated to be $72,290 because it was not required to pay contributions for workers "who were neither working nor being paid."

23. Upon information and belief, the Pension Fund avers that Defendant Williams claims that as of October 2011, it was no longer required to make contributions as set forth in Paragraph 14 of this Complaint.

24. By letter dated November 7, 2018, the Pension Fund through its counsel stated that Defendant Williams remained obligated to make contributions as stated above in Paragraph 14 of this Complaint.

25. By letter dated March 19, 2019, Defendant Williams through its counsel again requested either reimbursement or credit for the so-called "over-payment" in the amount of $72,290 and again stated that Defendant Williams was not required to make contributions for hours for which workers were not paid.

26. Upon information and belief, the Pension Fund avers that Defendant Williams has stopped making contributions for workers absent due to on-the job injuries or off-the-job injuries or illnesses as set forth in Paragraph 14 of this Complaint beginning in September or October, 2018 and continuing.

27. This action presents a controversy with respect to Defendant Williams obligation to make contribution payments to the Pension Fund in compliance with the CBA, the Reentry Agreement and the Trust Agreement as set forth above.

28. Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs request a declaration that Defendant Williams is obligated to make contributions to the Pension Fund as set forth in Paragraph 14 of this Complaint for the period of October 2011 to date and continuing so long as

Defendant Williams remains a contributing employer to the Pension Fund.

29. The requested declaratory judgment declaring the rights and responsibilities of the parties will resolve the current, actual controversies and is an appropriate exercise of this Court's discretion under 28 U.S.C. § 2201.

**WHEREFORE**, Plaintiffs pray for relief as follows:

Pursuant to 28 U.S.C. § 2201, Plaintiffs request a declaration that:

1. Defendant Williams is required to make contributions as set forth below for the period of October 2011 so long as it remains obligated to contribute to the Pension Fund:

    "If a regular employee (as defined in the collective bargaining agreement) is absent because of illness or off-the job injury and notifies the Employer of such absence, the Employer shall continue to make the required contributions for a period of four (4) weeks, and forty (40) hours per week.  If an employee is injured on the job, the Employer shall continue to pay the required contributions at a rate of forty (40) hours for each such week until the employee returns to work; however, such contributions of forty (40) hours shall not be paid for a period of more than twelve (12) months."

2. Pursuant to ERISA 4203(e), 29 U.S.C. § 1451(e), Defendant Williams must pay Plaintiff's costs and expenses incurred in connection with such action, including reasonable attorney's fees.

3. If the Court finds that Defendant Williams has not paid contributions in compliance with the Paragraph 14 as set forth above from September 2018 to date, Defendant Williams must pay a) the unpaid contributions, b) interest on those contributions, c) liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions, and d) all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

4. Ordering such other and further relief as this court may deem just and proper.

Dated:  May 1, 2019                              Respectfully submitted,


                                                               Catherine M. Campbell, Esq.
                                                                BBO # 549397
                                                                Feinberg, Campbell & Zack, PC
                                                                177 Milk Street, Suite 300
                                                                Boston, MA 02109
                                                               Tel.: (617) 338-1976
                                                                cmc@fczlaw.com


                                                                /s/ Catherine M. Campbell
                                                                Attorney for Plaintiff,
                                                                Edward F. Groden, Exec. Director


## CERTIFICATE OF SERVICE

      I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by USPS certified mail, return receipt requested, to the United States Secretaries of Labor and Department Treasury.


Dated:  May 1, 2019                                               /s/ Catherine M. Campbell
                                                                                    Catherine M. Campbell, Esq.